Mark Frels
Charles E. Woods
How Frels Berman Rohde Woods & Duke PC
2027 Young Street
Dallas, Texas  75202
214-720-2220 Telephone
214-720-2240 Facsimile
mfrels@2027law.com

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAFETY LINK INTERNATIONAL, INC.<br>　　　Plaintiff<br><br>vs.<br><br>BRUCE BOYCE, Individually, and<br>MANUFACTURER DIRECT, LTD.<br>　　　Defendants | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 4:08cv415 |

**DEFENDANTS BRUCE BOYCE AND MANUFACTURER DIRECT, LTD'S
MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS'
MOTION TO DISMISS AND DEFENDANTS' SUPPLEMENTAL MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

Defendants Bruce Boyce ("Boyce") and Manufacturer Direct, Ltd. ("Manufacturer Direct") (Boyce and Manufacturer Direct collectively "Defendants"), by and through the undersigned counsel, file Defendants Bruce Boyce and Manufacturer Direct, Ltd.'s Memorandum in Reply to Plaintiffs Response to Defendants' Motion to Dismiss and Defendants' Supplemental Motion to Dismiss Plaintiffs First Amended Complaint.

**I.
Background Facts**

1.　On or about November 8, 2008, Plaintiff Safety Link International, Inc. ("Safety-Link") filed Plaintiffs Original Complaint in this action ("Plaintiffs Complaint"), asserting

claims for trade secret misappropriation, patent infringement, trademark infringement, tortious interference with contract, and breach of fiduciary duty, all of which are strenuously denied by Defendants. Pursuant to various orders of this Court, Defendants' answer to file responsive pleadings was extended to June 18, 2009, at which time Defendants' Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim under Fed. R. Civ. P. 12(b)(2) and (6) ("Defendants' Motion to Dismiss") was filed wherein, among other claims, Defendants contested personal jurisdiction in this action, inasmuch as Defendants have not had sufficient minimum contacts with the State of Texas, by which Defendants purposely availed themselves of the privilege of conducting activities within this State. Citing, *Growden v. Ed Bowlin & Assoc., Inc.*, 733 F.2d 1149, 1151 (5th Cir. 1984).

2.      Further, Defendants' Motion to Dismiss is supported by the Declaration of Bruce Boyce (the "Boyce Declaration"), which establishes that Defendants do not maintain a regular place of business, or a post office box, or bank account with a financial institution in the State of Texas. The Boyce Declaration also confirms that during the period when Manufacturer Direct acted as a distributor of Safety-Link products, its distribution activities occurred exclusively in Canada, not the United States, and that all of the customers or potential customers which Safety-Link identified in its Original Complaint were existing customers of Manufacturer Direct which are located in Canada (Boyce Declaration, ¶ 12).

3.      Moreover, all contacts which Manufacturer Direct had with Safety-Link were either by telephone or in writing, inasmuch as neither Boyce nor any other employee or representative of Manufacturer Direct ever travel to the State of Texas in connection with any business transaction with Safety-Link (Boyce Declaration, ¶ 12). Consequently, in addition to

DEFENDANTS BRUCE BOYCE AND MANUFACTURER DIRECT, LTD'S MEMORANDUM IN
REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS'
SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 2

Safety-Link's failure to properly identify a specific jurisdictional basis in Plaintiff's Complaint, Safety-Link also failed to present *prima facie* proof supporting personal jurisdiction against either Defendant under either the Texas Long-Arm Statute or federal question jurisdiction.

4. Safety-Link thereafter filed a pleading entitled Plaintiff's Memorandum in Response to Defendants' Motion to Dismiss for Lack of Personal Jurisdiction ("Plaintiff's Response"), wherein it now asserts that this Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2), which permits a court in federal question cases to base jurisdiction on a defendant's national contacts, rather than contacts in the forum. (See, Plaintiff's Response at ¶ 5-6). Additionally, Safety-Link erroneously contends that this Court has jurisdiction, based upon the fact that Manufacturer Direct maintains an internet website which Safety-Link incorrectly characterizes as highly *interactive* (Plaintiff's Response at ¶ 7). Finally, Safety-Link also erroneously contends that personal jurisdiction lies in this action against Defendants, based upon the *stream of commerce* doctrine (Plaintiff's Response at ¶ 8), citing *Avocent Huntsvill Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).

5. Safety-Link thereafter filed Plaintiff's First Amended Original Petition ("Plaintiff's Amended Complaint"), wherein Safety-Link now alleges the new bases for personal jurisdiction set forth in Plaintiff's Response under Fed. R. Civ. P. 4(k)(2), based upon Defendants' alleged national contacts (Plaintiff's Amended Complaint at ¶ 3), and based upon Defendants' maintenance of an internet website (Plaintiff's Amended Complaint at ¶ 5). Further, as support for the jurisdictional allegations, Safety-Link relies upon the affidavit of its president, James Adams (the "Adams Affidavit"), attached to Plaintiff's Response and presumably filed to rebut the testimony contained in the Boyce Declaration. However, the Adams Affidavit supplies

the Court with little more than the conclusory allegations contained in Plaintiff's Original Complaint and Plaintiff's First Amended Complaint. Significantly, the testimony in the Adams Affidavit fails to focus on the true jurisdictional issue which in this action for patent infringement arises out of instances of making, using, or selling the patented invention. *Red Wing Shoe Co., Inc. v. Hockerson-Halberstadt, Inc.*, 148 F.3d 1355, 1360 (Fed. Cir. 1998), citing, *Speedco, Inc. v. Estes*, 853 F.2d 909, 912 (Fed. Cir. 1988). Safety-Link concedes that the Safe-T-Loc product is manufactured in Canada, and the Boyce Declaration and Supplemental Declaration establish that *no* sale of the Safe-T-Loc Product has been made to any customer located in the State of Texas (Boyce Supplemental Declaration at ¶ 3 and 4). Moreover, the sale of the overwhelming majority of the Safe-T-Loc Products has occurred in Canada, with only a single isolated sale being made in the United States, in New Jersey (Boyce Supplemental Affidavit at ¶ 3 and 4). Safety-Link has therefore failed to meet its burden of proof to present *prima facie* evidence which establishes that Defendants are subject to personal jurisdiction in the State of Texas in this action. Consequently, Defendants' Motion to Dismiss this action based upon the lack of personal jurisdiction should be granted.

## II.

### Argument and Authorities

A.  **Safety-Link's Utility Patent Application**.

6. Safety-Link alleges that on August 27, 2007, it filed a patent application (the "August 2007 Safety-Link Patent Application") with the U.S. Patent Office under Confirmation No. 2124 (dated 9/14/07), and that the application was filed by the U.S. Patent Office on 3/6/08 under Patent Pending No. U.S. 11/895,578 on the Safety-Link wheel lug nut management system

(Plaintiff's Amended Complaint at ¶ 20). Moreover, the allegations in Safety-Link's Complaint establish that Safety-Link was actively engaged in marketing the product in the United States, at least as early as August of 2004. In fact, the Safety-Link Product was launched in the United States in January of 2000 (the "U.S. Launch"), and had already been employed by a range of truck haulers, truck manufacturers, and truck distributors in the United Kingdom prior to the U.S. Launch. Moreover, the Safety Link Product was awarded a heavy-duty trucking "Nifty-50 Award" in the trucking industry for 2001. Consequently, the Safety-Link Product had been manufactured, advertised, and sold much longer than the 12-month period allowable for a utility patent under the U.S. patent laws.[1] Defendants therefore contend that Safety-Link is not entitled to patent protection in the United States pursuant to the August 2007 Safety-Link Patent Application under 35 U.S.C. 102(a) and (b), inasmuch as the Safety-Link product was known and used in the United States; described in printed publications in at least the United States, Canada, and the United Kingdom; and in public use and on sale in the United States much more than one year prior to the application being made.

B.  **Federal Circuit Jurisdictional Analysis**.

7.  As previously noted, because the federal circuit holds appellant jurisdiction over patent cases, personal jurisdiction is governed by federal circuit law, not by the laws of said circuit. *Nutrition Physiology Corp. v. Enviros, Ltd.*, 87 F. Supp. 648, 650 (N.D. Tex. 2000); citing *Viam Corp. v. Iowa Export-Import Trading Co.*, 84 F.3d 424, 427 (Fed. Cir. 1996). The determination of whether jurisdiction exists over an out-of-state defendant involves two

---

[1] Additionally, although the August 2007 Safety-Link Patent Application reflects Safety-Link's CEO James Adams as the inventor, the product was actually invented and sold in the United Kingdom before Safety-Link and Adams became involved in marketing the product in the United States.

DEFENDANTS BRUCE BOYCE AND MANUFACTURER DIRECT, LTD'S MEMORANDUM IN REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS' SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 5

inquiries: whether a forum state's long-arm statute permits service of process and whether assertion of personal jurisdiction violates due process. *Id.*, at 651, citing *Graphic Controls Corp. v. Utah Med. Prods., Inc.*, 149 F.3d 1382, 1384 (Fed. Cir. 1998).

8. The first step in this inquiry examines the reach of the long-arm statute, and the second step—the due process analysis—requires the satisfaction of two elements: (a) the nonresident must have some minimum contacts with the forum state which results from an affirmative act on the defendants' part; and (b) maintaining a suit over the nonresident defendant in the forum state must not offend "traditional notions of fair play and substantial justice." *Id.*, citing, *International Shoe v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945). Moreover, since Texas' long-arm statute is co-extensive with the limits of due process, the two inquiries coalesce into whether the exercise of personal jurisdiction over defendants is consistent with federal due process. *Id.*, citing, *Amana Refrigeration, Inc. v. Quadlux, Inc.*, 172 F.3d 852, 857 (Fed. Cir. 1999); *Viam Corp.*, 84 F.3d at 427.

**B.     Minimum Contacts/Stream of Commerce.**

9. Safety-Link erroneously contends that jurisdiction over Defendants is proper in the instant case under the stream of commerce theory. Under this theory, the forum does not exceed its powers under the *due process clause* if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum state. *GSK Technologies, Inc. v. Schneider Electric S.A.*, 2007 U.S. Dist. LEXIS 17699 at *5 (E.D. Tex. Mar. 14, 2007), citing, *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98, 100 S.Ct. 599, 62 L.Ed.2d 490 (1980).

10.     Further, as noted by the court in *GSK Technologies*, the federal circuit initially applied the stream of commerce theory in *Beverly Hill Fan Co. v. Royal Sovereign Corp.* 21 F.3d 1558, 1556 (Fed. Cir. 1994), but failed to resolve the split in the controlling U.S. Supreme Court authority over the specific requirements for applying the theory, i.e., whether demonstrating that placing the product in the stream of commerce is sufficient or whether it must also be shown that the defendant took some action to purposefully direct the product toward the forum state. *Id.* at *9. However, the federal circuit emphasized that "if the sale of the product of a manufacturer or distributor ... is not simply an isolated occurrence, but arises from the efforts of the [defendants] to serve, directly or indirectly, the market for its product ... it is not unreasonable to subject it suit." *Beverly Hills Fan*, 21 F.3d at 1566, quoting, *World-Wide Volkswagen*, 44 U.S. at 297.

11.     However, there appears to remain "significant confusion" related to the stream of commerce application, as demonstrated by the Supreme Court's subsequent split in *Ashi Metal Industries. Co. v. Superior Corp.* regarding whether or not "[t]he placement of a product into the stream of commerce, without more," may serve as "an act of the defendant purposely directed toward the forum state." 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987). Moreover, because this theory of jurisdiction originated in the product liability context, which lends itself to the specific jurisdiction framework, it remains unclear whether contacts based solely on the "stream of commerce" may suffice to establish general jurisdiction. *Avocent Huntsvill Corp.*, 552 F.3d at 1331. The Fifth Circuit, for example, has held that such contacts will not support a finding of general jurisdiction. *Id.*, citing, *Bearry v. Peech Aircraft Corp.*, 818 F.3d 370, 375 (5th Cir. 1987).

DEFENDANTS BRUCE BOYCE AND MANUFACTURER DIRECT, LTD'S MEMORANDUM IN
REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTION TO DISMISS AND DEFENDANTS'
SUPPLEMENTAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT – Page 7

12.     Further, in the context of a patent infringement lawsuit, the claim arises out of instances of making, using, or selling the patented invention. *Red Wing Shoe Co., Inc.*, 148 F.3d at 1360, citing, *Speedco, Inc. v. Estes*, 853 F.2d 909, 912 (Fed. Cir. 1988). In the instant case, Safety-Link has failed to submit any evidence that the Safe-T-Loc Product has been manufactured, used, or sold in the State of Texas. Moreover, the evidence, via the Supplemental Boyce Declaration, establishes that although the Safe-T-Loc Product is included among the catalog of products featured on the Manufacturer Direct website, the Manufacturer Direct website is passive, not interactive, and purchases of the Safe-T-Loc Product cannot be made on the site. Additionally, no sale of the Safe-T-Loc Product has been made in the State of Texas, and only one incidental sale of the product has occurred in the United States, with the remainder of all the sales of the Safe-T-Loc Product occurring in Canada (Boyce Supplemental Declaration at ¶ 3 and 4).

13.     By contrast, the authorities cited by Safety-Link each involve cases where the plaintiff was able to demonstrate instances where the accused products were available at retail stores in Texas, *Aten Intern.*, 2009 U.S. Dist. LEXIS at *9; *GSK Technologies, Inc.*, 2007 U.S. Dist. LEXIS at *7, or the existence of an established distribution channel through which shipments of the accused product into the forum had actually occurred. *Beverly Hills Fan Co.*, 21 F.3d at 1565. In the instant case, the evidence via the Supplemental Boyce Declaration establishes that no sales of the Safe-T-Loc Product have occurred in the State of Texas, and the fact that Manufacturer Direct's passive website identifies a separate company as a distributor in Texas, without more, is insufficient to establish jurisdiction under the stream of commerce doctrine, as a matter of law.

### C. Minimum Contact—Interactive v. Passive Website.

14. Safety-Link has attached copies of printouts from the Manufacturer Direct website to the Adams Affidavit (the "Website Attachments"), and erroneously contends that this evidence establishes that Defendants have *a highly interactive internet store* (Plaintiff's Response at ¶ 10). However, the Website Attachment merely includes a toll free contact number, an email address, and a catalog advertising the various products sold by Manufacturer Direct, including the Safe-T-Loc Product. Significantly, potential customers cannot purchase any of these products on the Manufacturer Direct website, and the foregoing features illustrate that the website is properly characterized as passive, not interactive. See, e.g., *Mink v. AAAA Development, LLC*, 190 F.3d 333, 336-337 (5th Cir. 1999) (holding that a website providing the user with a printable mail-in order form, a toll free number, a mailing address, and an electronic email address were insufficient to classify the website as anything more than a passive advertisement). As in the *Mink* decision, there is no evidence in this case which establishes that Manufacturer Direct has conducted business over the internet by engaging in business transactions with Texas residents or by entering into contracts over the internet. *Id.*, citing, *CompuServe v. Patterson*, 89 F.3d at 1264-67 (6th Cir. 1996).

15. Additionally, Safety-Link's reliance on the state court decision in *Aimler-Benz Aktiengesellschaft v. Olson*, 21 S.W.3d 707, 723-24 (Tex. App.—Austin 2000, pet. dism'd w.o.j.), is also misplaced, inasmuch as although the level of interactivity of the website at issue in that case, standing alone, was likely insufficient to establish jurisdiction in the State of Texas, the additional evidence, including certain judicial admissions contained in a separate federal court lawsuit in Texas, established that the defendant was, in fact, conducting business in the

State of Texas, through the activity of its subsidiary which maintained an established dealer network which extends throughout the United States. Moreover, the parties in *Aimler-Benz* stipulated that the subsidiary was qualified to do business in Texas, that the subsidiary advertised the product (Mercedes Benz automobiles) for sale in Texas, and the advertisements appear in publications and newspapers directed to Texas and broadcast over television and radio stations throughout Texas. *Id.* at 721. Additionally, the subsidiary selected its own dealers and supervised their performance, in addition to handling the detailed accounting and recordkeeping associated with the dealers. *Id.* Moreover, the parent company required the subsidiary to display its trademarks, including the Mercedes 3-pointed star, at its dealerships and all of these activities were held to essentially connect the defendant to markets in the United States, including Texas. *Id.*, at 722.

16.     By contract, there is no evidence of any sale of the Safe-T-Loc Product in the State of Texas or any print or radio advertising for the sale of its product. Again, as the Court in *Aimler-Benz* suggested, the level of interactivity on the Manufacturer Direct website, standing alone, is not enough to subject Defendants to jurisdiction in the State of Texas in the instant case.

**D.     Defendants' National Contacts.**

17.     Safety-Link also erroneously contends that this Court has personal jurisdiction which can be based on Defendants' national contacts under Fed. R. Civ. P. 4(k)(2), which confers jurisdiction over a foreign defendant which has contacts with the nation as a whole sufficient to satisfy due process concerns. *World Tinker Carriers Corp. v. Mbya Mawlaya*, 99 F.3d 717, 723 (5th Cir. 1996). However, the burden of persuasion remains with Plaintiff to make a *prima facie* showing of Defendants' nationwide minimum contacts. *Id.*, citing *Ham v.*

*LaCienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993). The national contacts determination under 4(k)(2) relate to general jurisdiction and require evidence that the contacts with the United States are "continuous and systematic." *Captain Sheriff Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 276 (4th Cir. 2005). Thus, while Rule 4(k)(2) is designed to facilitate obtaining jurisdiction over foreign defendants, it does not operate to relax the requirement that the defendant's contacts with the forum be constitutionally sufficient. *Id.*, at 275.

18. In the instant case, Safety-Link relies upon Manufacturer Direct's maintenance of a passive website which identifies a separate entity as a distributor of the Manufacturer Direct products. However, Safety-Link has failed to present any evidence of continuous or systematic sales of the Safe-T-Loc Product in the United States. Moreover, the evidence, via the Boyce Supplemental Declaration, establishes that no sales of the Safe-T-Loc Product have occurred in the State of Texas, and that only a single isolated sale of its product has occurred in the State of New Jersey. This evidence rebuts the conclusory allegations by Safety-Link that "Defendants contracted with and made routine sales to and through a company located in the forum state" (Plaintiff's Response at ¶ 12). Additionally, Safety-Link apparently relies almost exclusive upon Manufacturer Direct's maintenance of a passive website to establish personal jurisdiction based upon national contacts (Plaintiff's Amended Complaint at ¶ 23). However, as set forth hereinabove, this type of passive website where orders of the product cannot be purchased over the site is insufficient to establish personal jurisdiction under the prevailing authorities, and Safety-Link has failed to meet its burden of proof to establish "continuous and systematic" national contacts by Defendants.

## III.
## Conclusion

19. Based upon the foregoing authorities, Defendants' Motion to Dismiss for lack of personal jurisdiction should be granted, because Safety-Link has failed to satisfy its burden of proof in the instant case to establish personal jurisdiction under any of the newly alleged theories contained in its First Amended Complaint, based upon (1) the stream of commerce doctrine, (2) Manufacturer Direct's maintenance of a passive website, and/or (3) jurisdiction under Rule 4(k)(2) based upon conclusory allegations of national contacts based primarily upon the maintenance by Defendants of a passive website. Under the prevailing authorities, Safety-Link has failed to submit sufficient evidence to satisfy its burden of proof on each of the foregoing theories of personal jurisdiction, and Defendants' Motion to Dismiss for Lack of Personal Jurisdiction should therefore be granted.

WHEREFORE, Defendants respectfully pray that the Court dismiss this action under Rule 12(b)(2) for lack of personal jurisdiction, and for such other and further relief to which Defendants may show themselves justly entitled, either at law or in equity.

    Respectfully submitted,

    HOW FRELS BERMAN ROHDE WOODS & DUKE, P.C.

    By: /s/ Mark Frels
        MARK FRELS
        State Bar No. 07438200
        CHARLES E. WOODS
        State Bar No. 21952700
    2027 Young Street
    Dallas, Texas 75201
    Telephone: 214-720-2220
    Facsimile: 214-720-2240
    ATTORNEYS FOR DEFENDANTS

## Certificate of Service

This is to certify that on August 5, 2009, the undersigned electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic filing system.

/s/ Charles E. Woods
CHARLES E. WOODS