John Allen Curtis
Law Office of John Allen Curtis
3701 W. Northwest Highway, Suite 169B
Dallas, Texas 75220
Telephone: 214-352-6666
Fax: 214-352-7051
E-Mail: jacurtis@sbcglobal.net

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAFETY LINK INTERNATIONAL, INC. | § | |
| Plaintiff | § | |
| | § | |
| VS. | § | CASE NO. 4:08cv415 |
| | § | |
| BRUCE BOYCE, Individually, and | § | |
| MANUFACTURER DIRECT, LTD. | § | |
| Defendants | § | |

**PLAINTIFF'S MEMORANDUM
IN RESPONSE TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT
FOR LACK OF PERSONAL JURISDICTION AND FOR
FAILURE TO STATE A CLAIM UNDER FED. R.CIV. P. 12b(2) and (6)**

Plaintiff asks the Court to deny Defendant's motion to dismiss for lack of personal

jurisdiction and for failure to state a claim under Fed.R.Civ.P. 12b(2) and (6).

Introduction

1.   Plaintiff is SAFETY LINK INTERNATIONAL, INC.; Defendants are BRUCE

BOYCE, Individually, and MANUFACTURER DIRECT, LTD.

2.   Plaintiff sued Defendants for Trade Secret Misappropriation, Patent Infringement,

Trademark Infringement, Tortuous Interference with Contracts, and Breach of Fiduciary Duty.

3.   Defendants filed a motion to dismiss and asked the Court to dismiss Plaintiff's suit for

lack of personal jurisdiction and for failure to state a claim under Fed.R.Civ.P. 12b(2) and (6).

4.    Plaintiff files this response asking the Court to deny Defendants' motion.

Argument - Jurisdiction

5.    The Court should deny Defendants' Motion to Dismiss because Defendants' activities are within the reach of state (Tex.Civ.P & Rem. Code § 17.042), and federal long-arm statutes (FRCP 4(k)(2); 28 U.S.C. §§ 1332 and 1338) and service of process is authorized on Defendants. *Portnoy v. Defiance, Inc.*, 951 F.2d 169, 171 (8th Cir. 1991). *Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 575 (Tex. 2007). This case rests in the jurisdiction of the United States District Court , as Congress has vested federal courts with exclusive jurisdiction over certain actions, such as patents, trademarks and copyright causes under 28 U.S.C. §1338. Any federal court may exercise personal jurisdiction over any defendant against whom a claim arising under federal law is made if that defendant is not subject to personal jurisdiction in any state. FRCP 4(k)(2). *See Adams v. Unione Mediterranea Di Sicurta*, 364 F.3d 646, 650 (5th Cir. 2004). FRCP 4(k)(2) is a special-purpose long-arm law, akin to state long-arm statutes, that authorizes extraterritorial jurisdiction whenever its exercise would be consistent with the requirements of due process, as long as the defendant is not subject to the jurisdiction of the courts of general jurisdiction of any state. *Id. @* 650-51. *See also Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 275 (4th Cir. 2005). The purpose of FRCP 4(k)(2) is to permit a court to consider, in federal-question cases, a defendant's national, rather than state, contacts. *See Submersible Sys. V. Perforadora Cent.*, 249 F.3d 413, 420 (5th Cir. 2001). In *U.S. v. Swiss Am. Bank., Ltd*, 191 F.3d 30, 41 (1st Cir. 1999), the First Circuit rejected the traditional approach that the plaintiff must negate the availability of jurisdiction in all 50 states, and instead crafted a simplified test whereby the plaintiff must allege only that the defendant is not subject to the jurisdiction of any one state and show that the defendant's contacts with the nation as a whole

satisfy constitutional requirements. *See Base Metal Trading, Ltd. v. OJSC "Novokuznetsky Aluminum Factory"*, 283 F.3d 208, 215 (4th Cir. 2002); *ISI Int'l v. Borden Ladner Gervais LLP*, 256 F.3d 548, 552 (7th Cir. 2001); *See also Adams*, 364 F.3d at 651 (as long as Defendant does not concede jurisdiction in another state, court may use FRCP 4(k)(2) to confer jurisdiction).

6.      A court has personal jurisdiction over a defendant who is served according to a federal statute. FRCP 4(k)(1)(C).  The Defendants herein were served pursuant to the Hague Convention for service of Defendants from a foreign jurisdiction.  When a federal court attempts to exercise personal jurisdiction over a defendant in a suit based on a federal statute providing for nationwide service of process, the relevant inquiry is whether the defendant has sufficient contacts with the United States as a whole. *Adams*, 364 F.3d 646, 650 (5th Cir. 2004).

7.      Specific jurisdiction may be based on Internet contacts when the defendant-website operator (1) directly targets the website to the forum state, (2) knowingly conducts business with the forum state's residents through the website, or (3) has sufficient related non-Internet contact with the forum state's residents. *Toys "R" Us., Inc. v. Step Two, S.A.*, 318 F.3d 445, 454 (3d Cir. 2003); *see Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 890-91 (6th Cir. 2002); *see also AST Sports SWCI., Inc. v. CLF Distrib., Ltd.*, 514 F.3d 1054, 1059 (10th Cir. 2008) (modern communications can eliminate need for physical presence in forum).  Many courts have held that a court's ability to exercise personal jurisdiction is directly proportional to the nature and quality of the commercial activity the defendant conducts on the Internet, adopting the flexible "sliding-scale' approach first set out in *Zippo Mfg. v. Zippo Dot Com., Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997).  Under *Zippo*, the more interactive a website is, the more it weighs in favor of the exercise of jurisdiction. *See Zippo*, 952 F.Supp. at 1124.

8.     In *Autobytel, inc. v. Insweb Corporation*, (E.D. Tex. 3-31-2009), the District Court stated: "The minimum contacts aspect of the analysis can be established through contacts that give rise to specific personal jurisdiction or general personal jurisdiction. *Trintec Indus., Inc. v. Pedre Promotional Prods., Inc.*, 395 F.23d 1275, 1279 (Fed. Cir. 2005).   Specific jurisdiction requires that the plaintiffs' claims arise from or relate to the defendant's contact with the forum. *Silent Drive, Inc. v. Strong Indus.*, 326 F.3d 1194, 1200 (Fed. Cir. 2003).   With respect to specific jurisdiction in a patent infringement case, the Federal Circuit employs a three-prong test:  (1) the defendant purposefully directed its activities at residents of the forum, (2) the claim arises out of or relates to those activities, and (3) the assertion of personal jurisdiction is reasonable and fair. *Avocent Huntsvill Corp. v. Aten Intern. Co., Ltd.*, 552 F.3d 1324, 1332 (Fed. Cir. 2008).   Furthermore, minimum contacts is established for a corporation 'that delivers its products into the stream of commerce with the expectation that they will be purchased by customers in the forum state.' *Avocent*, 552 F.3d at 1331 (citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298 (1980).   General jurisdiction 'requires that the defendant have continuous and systematic contacts with the forum state,' and that such activity will 'confer [] [general] personal jurisdiction even when the cause of action has no relationship with those contacts.' *Avocent*, 552 F.3d at 1331." (*Autobytel*, pages 2 and 3).   In Daimler-Benz Aktiengesellschaft v. Olson, 21 S.W.3d 707, 723-24 (Tex.App. – Austin, 2000, pet. dism'd w.o.j.), the court stated that a nonresident corporation would subject to Texas jurisdiction due to the distribution agreement that "directly align[ed] [Texas distribution company's] interests with [foreign company's] interest in maximizing the sales of its vehicles in the U.S." In entering into a distribution agreement or agency agreement with Plaintiff, the Defendants have directly aligned their interests with the Plaintiff in maximizing the sales of Plaintiff's products in the U.S.

and Canada. This has further been demonstrated by the U.S. distributors, especially the Texas distributor, that Defendants are selling the products which were developed by Plaintiff.

9.     Defendants have maintained more than minimal contacts with the State of Texas and within the United States, including availing themselves of a particular forum through advertising, establishing channels of regular communications to customers in Texas, and delivering its products into the stream of commerce with the expectation that the products will be purchased by consumers in the forum state. In the Eastern District of Texas, the U.S. District Court in *ATEN International Co. Ltd. v. Emine Technology Co.* (E.D. Tex. 6-25-2009), citing *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297-98 (1980), addressed the issue of delivering products into the stream of commerce in establishing minimal contacts with the forum state. The District Court referred to *Asahi Metal Industry Co. v. Superior Court*, 480 U.S. 102, 112 (1987), which stated: "the Supreme Court reiterated that the stream of commerce theory provides a valid basis for finding minimum contacts. However, the Court split as to the exact requirements of applying the theory. *See id. at 112, 117.* Four Justices of the Court adopted the view that a defendant must both place a product in the stream of commerce and take some action to purposefully direct that product toward the forum state. *See id. at 112.* The other four Justices adopted the view that a showing of additional action aside from placing the product in the stream of commerce was not necessary. *See id. at 117.*" "The Federal Circuit applied the stream of commerce theory in *Beverly Hills Fan Co. v. Royal Sovereign Corp.*, See 21 F.3d 1558, 1566 (Fed.Cir. 1994). The Federal Circuit emphasized that 'if the sale of a product of a manufacturer or distributor . . . is not simply an isolated occurrence, but arises from the efforts of the [defendants] to serve, directly or indirectly, the market for its product . . . , it is not unreasonable to subject it to suit.' *Id.* (quoting *World-Wide Volkswagen*, 444 U.S. at 297).

However, instead of adopting one of the two versions of the stream of commerce theory laid out by the Supreme Court in *Asahi*, the Federal Circuit stated, ' We need not join in this debate here, since we find that, under either version of the stream of commerce theory, plaintiff made the required jurisdictional showing.' *Id.; see also commissariat A L'Energie Atomique v. Chic Mei Optoelectronics Corp.*, 395 F.3d 1315, 1321 (Fed.Cir. 2005) (declining to resolve the *Asahi* split.)" Further in their opinion, the Eastern District Court stated: "The Court again finds it unnecessary to resolve the *Asahi* split . . ." The Court then cites *GSK Tech., Inc. v. Schneider Elec., S.A.*, 6:06-cv-361, 2007 WL 788343 at *2 (E.D. Tex. March 14, 2007) (Davis, J.). In this case the Court found that evidence of sale of defendant's products into a nation-wide distribution network along with evidence that the products were available in Texas amounted to a prima facie showing of purposeful entry into the Texas stream of commerce.

10.     The Defendants have an Internet store, advertising on well-known Internet search engines and other websites, making substantial sales as an electronic retailer in Texas. Defendants' website (www.mdltd.ca) can be reached from any place within the United States, including Texas. On this website, the Defendants have an online catalog which allows anyone to purchase the "Wheel Nut Management System," which is the subject of this suit. Further, if you wish to contact a local distributor, a listing of distributors located in Washington, Georgia, Indiana, Kentucky, Michigan, Ohio and Texas are found on the website, The Texas distributor is shown to be in Carrollton, Texas 75006, which is less than 50 miles from the Plaintiff's corporate offices. Part of the website, is a section on each part that is available for purchase, with a video telling you all about the part and how it works. A flyer for the "Wheel Nut Management System" also includes the telephone numbers for Manufacturer Direct™, as well as a confirmation of the website address. Defendants are soliciting business and selling products

through dealers in the forum state of Texas. *Metropolitan Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 573 (2nd Cir. 1996). Further, Defendants have a sales office listed in Texas, but are showing the actual phone number as being that of the distributor in Ohio (the local distributor), who is soliciting orders from prospective buyers inside and outside the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 320, 66 S.Ct. 154, 157-60 (1945). Further, Defendants are advertising in two industry directed magazines/catalogs that are published in the United States and are delivered directly to customers over the internet. The magazines/catalogs are Fleet Maintenance (www.FleetMag.com), published in Wisconsin, and Fleetmaster Direct, LLC (www.fleetmasterdirect.com), published in Utah. These publication are directed to truckers in the United States. Under the above showing, Plaintiff has presented a prima facie showing that Defendants placed their products into the stream of commerce with knowledge and an intention that the products be sold in the United States, as well as in Texas. *See Asahi*, 480 U.S. at 117 (noting that jurisdiction is proper when the flow of products into the forum is "regular and anticipated" and more than "unpredictable currents or eddies").

11.    The Court should deny Defendants' Motion to Dismiss because the Defendants purposefully availed themselves of the benefits and protections of the laws of the forum state. *See Electrosource, Inc. v. Horizon Battery Tech., Ltd.*, 176 F.3d 867, 871 (5th Cir. 1999); *Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 567-68 (2d Cir. 1996). As part of the incident that gave rise to this suit, Defendants maintain an Internet website that allows purchaser from the state of Texas to directly contact the Defendants, or make contract through their local distributor within the State of Texas, which is located within 50 miles of the headquarters of the Plaintiff. Further, "the fiduciary shield doctrine does not protect a corporate officer or employee from the . . . exercise of specific jurisdiction as to torts for which the officer or employee may be

held individually liable." *Stern v. KEI Consultants, Ltd.*, 123 S.W.2d 482, 485 (Tex.App. – San Antonio 2003, orig. proceeding). Defendant Boyce has committed torts in this matter, which the Court may hold him individually liable. Therefore, the Court has specific jurisdiction over Defendants. (See Affidavit of James Adams in Support of Plaintiff's Response.)

12.     The Court should deny Defendants' Motion to Dismiss because the Defendants engaged in continuous and systematic activity in the forum state. *See Metropolitan Life*, 84 F.3d at 567-68. In particular, Defendants have had contacted with and made routine sales to and through a company located in the forum state. Thus, the Court has general jurisdiction over Defendants. The Defendants have a local distributor within 50 miles of the headquarters of the Plaintiff, who are authorized to solicit orders from residents and businesses within the State of Texas. Such orders are then referred to Defendants headquarters for processing and shipping to customers within Texas. This activity, when combined with the previously noted actions of the Defendants show the intentions of the Defendants to continue the past behavior and expand its operations and territory beyond the limits of Canada.

13.     Under Fed. R. Civ. P. 4(k)(2) a federal court is permitted to exercise personal jurisdiction over a defendant (1) for a claim arising under federal law, (2) where a summons has been served, (3) if the defendant is not subject to the jurisdiction of any single state court, and (4) provided that the exercise of federal jurisdiction is consistent with the Constitution (and laws) of the United States. This case states that the Plaintiff has claims arising under federal law, that summons has been served, and the defendants have stated they are not subject to any single state court, but that action should be taken in the Court of Canada, and the only remaining question is whether or not the exercise of federal jurisdiction is consistent with the Constitution. This turns on whether a defendant has sufficient contacts with the nation as a whole to satisfy due process.

The Court in *Mwani vs. bin Laden*, 417 F.3d 1, 11 (D.C. Cir. 2005) has indicated "that to avoid

that daunting task, the Seventh Circuit has adopted the following burden-shifting framework:

> A defendant who wants to preclude the uses of Rule 4(k)(2) has only
> to name some other state in which the suit could proceed. Naming a
> more appropriate state would amount to a consent to personal
> jurisdiction there (personal jurisdiction, unlike federal subject-matter
> jurisdiction, is waivable). If, however, the defendant contends that he
> cannot be sued in the forum state and refuses to identify any other
> where suit is possible, then the federal court is entitled to use Rule
> 4(k)(2). *ISI Int'l, Inc. v. Borden Ladner Gervais LLP,* 256 F.3d 548,.
> 552 (7th Cir. 2001).

We find this resolution eminently sensible, and, like the Fifth Circuit, we adopt the Seventh

Circuit's view that 'so long as a defendant does not concede to jurisdiction in another state, a

court may use 4(k)(2) to confer jurisdiction.' *Adams v. Unionne Mediterranea di Sicurta,* 364

F.3d 646, 651 (5th Cir. 2004)."

    14.    The Court in *Mawani v. bin Laden, Id* @11, continued by stating: " Whether the

exercise of jurisdiction is 'consistent with the Constitution' for purposes of Rule 4(k)(2) depends

on whether a defendant has sufficient contacts with the United States as a whole to justify the

exercise of personal jurisdiction under the Due Process Clause of the Fifth Amendment.  See

Fed.R.Civ.P. 4(k) advisory committee's notes to 1993 amendments; see also *Adams,* 364 F.3d at

651, *ISI Int'l,* 256 F.3d at 551.  The Clause 'protects an individuals' liberty interest in not being

subject to the binding judgments of a forum with which he has established no meaningful

'contacts, ties, or relations,' *Burger King,* 471 U.S. at 472 (quoting International *Shoe Co. v.

Washington,* 326 U.S. 310, 319 (1945)), and 'requir[es] that individuals have 'fair warning that a

particular activity may subject [them] to the jurisdiction of a foreign sovereign,'" *id.* (quoting

Shaffer v. Heitner, 433 U.S. 186, 218 (1977).  Where a forum seeks to assert specific jurisdiction

over an out-of-state defendant who has not consented to suit there, this 'fair warning'

requirement is satisfied if the defendant has 'purposefully directed' his activities at residents of the forum," *id.* (quoting *Ketton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)), "and the litigation results from alleged injuries that 'arise out of or relate to' those activities," *id* (quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414, 104 S.Ct. 1868, 80 L.Ed. 2d 404 (1984).

15.     The Court here should not focus on contacts just with the State of Texas, but rather with the nation as a whole. The Court should not just focus on specific, physical contacts between the Defendants and the State of Texas. Although "the constitutional touchstone remains whether the defendant purposefully established 'minimum contacts' in the forum," *Burger King*, 471 at 474, 105 S.Ct. 2174 (quoting *International Shoe*, 326 U.S. at 316, 66 S.Ct. 154), the "foreseeability" of causing injury in the forum can establish such contacts where "the defendant's conduct and connection with the forum . . . are such that he should reasonably anticipate being haled into court there." *Id.* (quoting *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)). "Jurisdiction in these circumstances may not be avoided merely because the defendant did not physically enter the forum." *Id.* at 477, 105 S.Ct. 2174. Rather, "[s]o long as [an] actor's efforts are 'purposefully directed' toward another [forum]," the Supreme Court has "consistently rejected the notion that an absence of physical contacts can defeat personal jurisdiction there." *Id.* at 476 (quoting *Keeton*, 465 U.S. at 744); see *GTE*, 199 F.3d at 1349 (noting that "jurisdiction may attach if the defendant's conduct is aimed at or has an effect in the forum state" (quoting *Panavision International, LP v. Toeppen*, 141 F.3d 1316, 1321 (9th Cir. 1998)))." *Bin Laden*, 417 F.3d at 12-13.

16.     Finally, in *Bin Laden*, 417 F.3d at 14, the Court stated that "It is true that even after 'it has been decided that a defendant purposefully established minimum contacts within the

forum . . ., these contacts may be considered in light of other factors to determine whether the assertion of personal jurisdiction would comport with 'fair play and substantial justice.' *Burger King*, 471 U.S. at 476 (quoting *International Shoe*, 326 U.S. at 220). But 'where a defendant who purposefully has directed his activities at forum residents seeks to defeat jurisdiction, he must present a compelling case that the presence of some other considerations would render jurisdiction unreasonable.' *Id.* at 477."

17.    The Court's assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and will be consistent with the constitutional requirements of due process because Defendants have derived financial benefit from doing business in Texas and have enjoyed the protection of the Texas' laws. {*See Gundle Lining Constr. Corp. v. Adams County Asphalt, Inc.*, 85 F.3d 201, 207 (5th Cir. 1996); *Metro. Life, 84 F.3d at 568.* In *Aten International Co. Ltd. v. Emine Technology Co.* (E.D. Tex. 6-25-2009), the Court further stated: "It is well recognized that modern communication and transportation have made defending a lawsuit in a foreign tribunal less burdensome. *See World-Wide Volkswagen,* 444 U.S. at 294. The State of Texas, as well as the United States, has a significant interest in preventing patent infringement, as well as trademark infringement, within its borders. *See Beverly Hills Fan*, 21 F.3d at 1568 ("[The forum sate] has an interest in discouraging injuries that occur within the state."). Further, Texas has an interest in furthering commerce and scientific development, especially within its technology sector, which is promoted by patent laws."

18.    In the alternative, if the foregoing is insufficient to deny the Defendants Motion to Dismiss, Plaintiff requests that it be allowed to conduct jurisdictional discovery of facts to support personal jurisdiction and would allow the Plaintiff to supplement its jurisdictional

allegations. *Trintec Indus. v. Pedre Promotional Prods.*, 395 F.3d 1275, 1283 (Fed. Cir. 2005). The court should give the plaintiff an opportunity to discover jurisdictional facts so it can establish jurisdiction over the defendants. *See Steinbuch v. Cutler*, 518 F.3d 580, 589 (8th Cir. 2008); *Toys "R" Us, Inc. v. Step Two, S.A.* 318 F.3d 445, 456 (3d Cir. 2003); *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 513 (D.C. Cir. 2002); *First City v. Rafidain Bank*, 150 F.3d 172, 175 (2d Cir. 1998); *Williamson v. Tucker,* 645 F.2d 404, 414 (5th Cir. 1981).

19.     The Plaintiff herein, if granted an opportunity to engage in jurisdictional discovery would be in a position to verify and confirm the contacts and sales that Defendants have made in the United States, and to customers that originally were customers of Plaintiff.

20.     It is the hope of the Plaintiff that the Court will conclude that there is a constitutionally sufficient relationship between the Defendants and the forum and that this court may exercise personal jurisdiction of the Defendants.

## **Argument – Failure to State of Claim**

21.     In deciding a motion to dismiss for failure to state a claim, the court must limit its inquiry to facts stated in the complaint, documents attached to or incorporated in the complaint, matters of public record, and matters of which it may take judicial notice. *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996).

22.     In ruling on a FRCP 12(b)(6) motion, the court cannot decide disputed fact issues; rather, the court must assume that all material facts contained in the complaint are true. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, ____ U.S. ___, 127 S.Ct. 2499, 2509 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___ 127 S.Ct. 1955, 1965 (2007); *Davis V. Monroe Cty. Bd. of Educa.*, 526 U.S. 629, 633, 119 S.Ct. 1661, 1666 (1999); *see also Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 1832 (1989). The court must also indulge all inferences in favor of the

plaintiff. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000); *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 18 F.3d 209, 211 (7th cir. 1996).

    23.    The plaintiff must give the defendant fair notice of the nature of the claim and the grounds for it. *Erickson v. Pardus*, ___ U.S. ___, 127 S.Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, ___, 127 S.Ct. 1955, 1964-65 & n.3 (2007); *Swierkiewicz v. Sorema*, 534 U.S. 512, 122 S.Ct. 992, 998 (2002). To give "fair notice," the plaintiff is required to provide only a short and plain statement of the claim showing that it is entitled to relief. FRCP 8(a)(2); *Bell Atlantic*, 550 U.S. at ____, 127 S.Ct. at 1964; *see Erickson*, ___ U.S. at ____, 127 S.Ct. at 2200; *Swierkiewicz*, 534 U.S. at 512, 122 S.Ct. at 998; *see also Smith, Cline & French Labs. V. A.H. Robins Co.*, 61 F.R.D. 24, 28 (E.D. Pa. 1973) (claim for relief is collection of operative facts or sequence of events that gives rise to enforceable right). Under FRCP 8(a), a short and plain statement must include factual allegations concerning all material elements of some viable theory of recovery. *See Brownlee v. Conine*, 957 F.2d 353, 354 (7th Cir. 1992); *In Re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981); *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953); *see also PAE Gov't Servs. v. MPRI, Inc.*, 514 F.3d 856, 860 (9th Cir. 2007) (parties can file successive pleadings that include inconsistent or contradictory allegations).

    24.    The Plaintiff herein has set forth allegations that the Defendant infringed upon the Plaintiff's Trademark, and set forth facts that support 15 U.S.C. § 1114, which sets out the conditions needed to establish trademark infringement. Violation of this section of the United States Code, gives the Federal Court the jurisdiction it needs to carry a case alleging trademark infringement. Further, pursuant to FRCP 8(a), all that is required is for the Plaintiff to do is

present a short and plain statement of the claim showing that it is entitled to relief. The short and plain statement must include factual allegations concerning all material elements of some viable theory of recovery.

25.     Although a plaintiff does not need to plead detailed facts in a complaint, the plaintiff must present factual allegations stating a claim for relief that is "plausible" (i.e., the factual allegations must at least suggest the elements of the claim). *Bell Atlantic*, 550 U.S. at 1974, *Watts v. Florida Int'l Univ.* 495 F.3d 1289, 1295 (11th Cir. 2007); *see Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (complaint should be amplified by factual allegations when necessary to render claim plausible). In other words, the allegations, when assumed true, must be enough to show that the plaintiff's right to relief is more than mere speculation. *Bell Atlantic*, 550 U.S. at ___, 127 S.Ct. at 1965; *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007).

26.     The Plaintiff herein has stated detailed facts in its complaint showing what the Defendant actually did to infringe upon the Plaintiff's Trademark and that the Defendant's infringement is only a part of the entire scheme of the Defendant to not only infringe upon the Plaintiff's Trademark, but to also infringe on the Plaintiff's patent rights. Even if the Court finds that the allegations for patent infringement are incomplete, or otherwise, fail to meet the criteria of the Court for patent infringement, the Defendant has in fact infringed upon the trademark rights of the Plaintiff. Plaintiff has met the requirements for pleading the factual allegations and stating a claim sufficient to meet the requirements of FRCP 8(a) and sufficient to allow the Court to deny the Defendant's Motion to Dismiss for Failure to State a Claim under FRCP 12 (b)(6).

27.     The Plaintiff set forth detailed factual allegations concerning the scheme and plan initiated by the Defendants in their attempt to take over the Plaintiff's business, and set out the

Defendants continued efforts to infringe into the market of the United States, and interfering with the business relations between the Plaintiff and its past, present and future customers.

Conclusion

28.    Defendants' actions of maintaining a distributor for the sale of Defendants' products within the State of Texas and maintaining an Internet Store which can be accessed through regular internet connections, its advertising in magazines published within the United States, listing local distributors within the United States and within Texas, introduces its products into the stream of commerce in Texas. These actions are all considered minimum contacts with the forum state, through a continuous and systematic activity. Furthermore, the Court's assumption of jurisdiction over Defendants will not offend traditional notions of fair play and substantial justice and will be consistent with due process of law. For these reasons, Plaintiff asks the Court to deny Defendants' Motion to Dismiss and to retain the case on the Court's docket.

29.    Defendants' actions in attempting to register Plaintiff's Trademark in Canada, and using a deceptively similar mark in its advertising in the United States, as well as the Defendants' reverse engineering of the Plaintiff's product, which is currently being advertised and sold within the United States through the use of publications that are originated and published within the United States. Defendants' violations of the rights of the Plaintiff are an ongoing project and continue to this filling. Plaintiff has set forth allegations in its Complaint that state a claim against the Defendants pursuant to FRCP 8(a). Therefore, the Plaintiff requests that the Court rule that the Plaintiff's complaint sufficiently sets forth claims that fall within the jurisdiction of the Federal Court.

Respectfully submitted,

John Allen Curtis
Texas State Bar No. 05285000
3701 W. Northwest Highway, Suite 169B
Dallas, Texas 75220
Telephone:    214/352-6666
Fax:          214/352-7051
E-Mail:       jacurtis@sbcglobal.net

ATTORNEY FOR PLAINTIFF


## CERTIFICATE OF SERVICE

This is to certify that on the 16th day of December, 2009, the undersigned electronically filed the foregoing with the Clerk of the court using the CM/ECF system, which shall send notification to all parties of record by operation of the Court's electronic filing system.

John Allen Curtis