IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SAFETY LINK INTERNATIONAL, INC. § | | |
| Plaintiff § | | |
| VS. § | | CASE NO. 4:08cv415 |
| § | | |
| BRUCE BOYCE, Individually, and § | | |
| MANUFACTURER DIRECT, LTD. § | | |
| Defendants § | | |

**REPORT AND RECOMMENDATION OF UNITED STATES
<u>MAGISTRATE JUDGE</u>**

Now before the Court is Defendants Bruce Boyce and Manufacturer Direct, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (Dkt. 28). Having reviewed the applicable authorities, and the record in this case, the Court finds that the motion to dismiss should be DENIED.

**BACKGROUND**

Plaintiff Safety Link International ("Safety Link" or "Plaintiff") brought suit against defendants Bruce Boyce ("Boyce") and Manufacturer Direct, LTD. ("Mfg. Direct"), alleging trade secret misappropriation, patent infringement,[1] trademark infringement, tortious interference with a

---

[1] Plaintiff alleges patent infringement, but asserts a pending patent (US 11/895,578) rather than a granted patent duly issued by the United States Patent Office. A patent does not exist until it is granted, *GAF Bldg. Materials Corp. v. Elk Corp. of Dallas*, 90 F.3d 479, 483 (Fed. Cir. 1996), and the possibility of future patents is irrelevant to present rights and liability. *Capo, Inc. v. Dioptics Med. Prod., Inc.*, 387 F.3d 1352, 1357 (Fed. Cir. 2004). Any determination reached by this Court regarding the 11/895,578 patent application would thus have no meaning or effect. *GAF*, 90 F.3d at 482. Because this issue is not relevant to the disposition of the personal jurisdiction motion – and more importantly because it was not addressed in the briefing – the Court will abstain from the disposition of this claim until a proper motion is filed and the issue is

contract, tortious interference with prospective relations, breach of fiduciary duty, and common law fraud.

Plaintiff is a Texas corporation in the business of manufacturing and distributing a wheel nut management system, which secures wheel nuts against loosening in the course of normal use. Defendant Mfg. Direct is a Canadian reseller and manufacturer of various accessories related to the trucking industry, including its own wheel nut management system. Mfg. Direct claims to be a Canadian corporation, with Defendant Boyce its president, CEO, and founder. According to the pleadings before the Court, Plaintiff and Defendants entered into an agreement whereby Defendants would promote and distribute Plaintiff's wheel nut management system to potential customers in the United States and Canada and Plaintiff would provide samples and fill orders as needed.

Plaintiff alleges that the harm it has suffered and continues to suffer arises from these business dealings with Boyce and his alter ego, Mfg. Direct. Specifically, Plaintiff alleges that Defendants misappropriated trade secrets provided to them pursuant to their agreement with Plaintiff, interfered with present and future contracts related to that agreement, breached their fiduciary duty to Plaintiff, and entered into the agreement with the intent to defraud Plaintiff. Plaintiffs additionally allege that Defendants attempted to fraudulently register Plaintiff's trademark as their own, adopted a deceptively similar trade name to market the product resulting from Defendant's misappropriation of trade secrets, and infringed Plaintiff's patents with said product.

In their motion, Defendants argue that both Boyce and Manufacturer Direct are not subject to personal jurisdiction in this Court because neither has: (1) conducted business in Texas; (2) owned

---

briefed by the parties.

any property in Texas; (3) had registered agents in Texas; (4) maintained a telephone listing in Texas; (5) maintained a bank account in Texas; or (6) entered into any contract or agreement whereby Defendants agreed to perform any services for Plaintiff in Texas. Defendant Boyce further argues that he has never traveled to Texas for business purposes.

In response, Plaintiff claims that Defendants have maintained more than minimal contacts with Texas and the United States. Plaintiff claims that such contacts are evidenced by Mfg. Direct's advertising efforts directed at Texas and the United States, particularly Mfg. Direct's website, distributor network, and print publications specifically targeting truck drivers and owners in the United States. In addition, Plaintiff contends that Defendant has established channels of regular communication with customers in Texas via its website and delivered its products into the stream of commerce with the expectation that the products will be purchased by consumers in the forum state.

Defendants also argue that Plaintiff has failed to state a claim because Defendants' actions allegedly occurred in Canada and thus, according to Defendants, do not give rise to liability under United States patent or trademark law. Defendants concede that they have sold some of the product in question in the United States, specifically to a customer in New Jersey.

### MOTION TO DISMISS STANDARD

In determining whether it may exercise personal jurisdiction over a nonresident defendant, a court must consider "both the forum state's long-arm statute and federal due process." *Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 609 (5th Cir. 2008) (citing *Ruston Gas Turbines, Inc. v. Donaldson Co.*, 9 F.3d 415, 418 (5th Cir. 1993)). If a state's long-arm statute "extends to the

limits of federal due process," as Texas's does, the court must only perform a due process analysis. *Id.* (citing *Wilson v. Belin*, 20 F.3d 644, 647 (5th Cir. 1994)). Due process allows a federal court to exercise personal jurisdiction over a nonresident defendant only if (1) the nonresident defendant has established minimum contacts by "purposely avail[ing] himself of the benefits and protections of the forum state" and (2) "the exercise of jurisdiction does not offend traditional notions of fair play and substantial justice." *Id.* (citing *Wilson*, 20 F.3d at 647).

Minimum contacts may be established through either specific or general jurisdiction. *Lewis v. Fresne*, 252 F.3d 352, 358 (5th Cir. 2001). General jurisdiction exists if the defendant has had substantial, continuous, and systematic contacts with the forum state, regardless of whether those contacts are related to the cause of action. *Johnston*, 523 F.3d at 609 (citing *Helicopters Nacionales de Colombia,* 466 U.S. 408, 414-19 (1984)). Specific jurisdiction exists when a nonresident defendant has purposefully directed his activities at the plaintiff and the plaintiff's alleged injuries derive from those activities. *Walk Haydel & Assocs., Inc. v. Coastal Power Prod. Co.*, 517 F.3d 235, 243 (5th Cir. 2008) ("Specific jurisdiction applies when a nonresident defendant has purposefully directed its activities at the forum state and the litigation results from alleged injuries that arise out of or relate to those activities.") (internal citations omitted); *Religious Tech. Ctr. v. Liebreich*, 339 F.3d 369, 375 (5th Cir. 2003) (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)). When a foreign defendant has sufficient contacts with the United States as a whole to satisfy due process concerns, but does not concede jurisdiction in any single state, a court may use Rule 4(k)(2) to confer jurisdiction. *Adams v. Unione Mediterranea di Sicurta*, 364 F.3d 646, 651 (5th Cir. 2004).

The plaintiff bears the burden of proving that the defendant has had minimum contacts with the forum state; however, the plaintiff need only make a *prima facie* showing of such contact. *Johnston*, 523 F.3d at 609 (citing *Wilson,* 20 F.3d at 648). The court must resolve any disputed facts in favor of the plaintiff and a finding of jurisdiction. *Id.* (citing *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990)). "[U]ncontroverted allegations in the plaintiff's complaint must be taken as true, and conflicts between the facts contained in the parties' affidavits must be resolved in the plaintiff's favor for purposes of determining whether a *prima facie* case for personal jurisdiction exists." *Bullion v. Gillespie,* 895 F.2d 213, 217 (5th Cir. 1990) (internal citations omitted). "In considering a motion to dismiss for lack of personal jurisdiction a district court may consider affidavits, interrogatories, depositions, oral testimony, or any combination of the recognized methods of discovery." *Revell v. Lidov*, 317 F.3d 467, 469 (5th Cir. 2002) (internal citations omitted).

If the plaintiff successfully makes a *prima facie* showing of minimum contacts, the burden shifts to the defendant to show "that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction." *Johnston*, 523 F.3d at 615 (citing *Wien Air Alaska, Inc. v. Brandt,* 195 F.3d 208, 215 (5th Cir. 1999) (citations omitted)); *Luv N'Care, Ltd. v. Insta-Mix, Inc.*, 438 F.3d 465, 473 (5th Cir. 2006) (citing *Nuovo Pignone, SpA v. STORMAN ASIA M/V*, 310 F.3d 374, 382 (5th Cir. 2002)).

Under the fairness inquiry, the court examines: "(1) the burden on the nonresident defendant, (2) the forum state's interests, (3) the plaintiff's interest in securing relief, (4) the interest of the interstate judicial system in the efficient administration of justice, and (5) the shared interest of the several states in furthering fundamental social policies." *Luv N'Care*, 438 F.3d at 473 (citing *Felch*

*v. Transportes Lar-Mex SA De CV,* 92 F.3d 320, 324 (5th Cir. 1996)).

## ANALYSIS

In order to survive Defendants' Motion to Dismiss, Plaintiff must first establish each Defendants' minimum contacts with the forum. Here, Plaintiff has named both a corporation and its president as defendants. While it is widely recognized that "jurisdiction over an individual cannot be predicated upon jurisdiction over a corporation," *Stuart v. Spademan*, 772 F.2d 1185, 1197 (5th Cir. 1985), personal jurisdiction may also be established over the corporate officer by establishing that the individual is an alter ego of a corporation over which the district court has established personal jurisdiction. *Compaq Computer Corp. v. Ergonome Inc.*, 387 F.3d 403, 413, n7 (5th Cir. 2004) (citing *Patin v. Thoroughbred Power Boats Inc.,* 294 F.3d 640, 653 (5th Cir. 2002) ("It is compatible with due process for a court to exercise personal jurisdiction over an individual or a corporation that would not ordinarily be subject to personal jurisdiction in that court when the individual or corporation is an alter ego or successor of a corporation that would be subject to personal jurisdiction in that court.")). Thus, if considered alter egos of one another, Boyce's contacts with Texas will be treated as those of Mfg. Direct, and vice versa.

In this case, Plaintiff alleges that Boyce and Mfg. Direct are one in the same, that Mfg. Direct is a fiction, and, to the extent that it exists, that Mfg. Direct is an alter ego of Boyce. In Count VIII of the first amended petition, Plaintiff alleges that Boyce is the president and CEO of Mfg. Direct, that the only shareholders are Boyce and his significant other, that Mfg. Direct's principle place of business is Boyce's residence, that Mfg. Direct is the sole source of economic support for Boyce, and that Plaintiff believes additional supportive facts will be produced in discovery. Dkt. 18, p. 27-28.

Plaintiff further alleges that Boyce initiated contact with Plaintiff in order to enter into a contractual agreement.

Boyce claims that he is president of Mfg. Direct, which he claims is a Canadian corporation, that he was so employed at all times relevant to Plaintiff's allegations, and that, for all relevant events, he was acting within the scope of that employment. *See* Dkt. 16-1, p. 1, 3.[2] The profile of Mfg. Direct submitted to the Canadian Industries directory by Defendants shows that the company was not established until 2006. *See* Dkt. 30-2, p. 17. Curiously, the events at issue began in 2004, two years before Mfg. Direct claims to have been established in its own promotional materials. Defendants did not submit any evidence that Mfg. Direct is, in fact, a corporation formally incorporated under the laws of Canada.[3] In light of the record before it, the Court therefore finds that Plaintiff has made sufficient showing to merit application of the alter ego doctrine for the

---

[2]The Court notes that neither Boyce declaration is legally sufficient under 28 U.S.C. § 1746. Under Section 1746, a declaration executed outside of the United States must state the following or the equivalent:

> I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date).

28 U.S.C. § 1746. Because Plaintiff did not object to the declarations on this basis, the Court has considered them in its jurisdictional analysis. However, the Court cautions the parties to produce compliant declarations in future proceedings.

[3]The Court could find no evidence that Mfg. Direct has ever been a legally incorporated entity in Canada based on its own search of the Corporations Canada database. If Boyce wishes to enjoy the protections afforded an officer of a legally incorporated entity under the corporate shield doctrine, he should support that contention with some evidence of the existence of that entity and of its compliance with the relevant formalities necessary to shield officers and employees from personal liability for actions performed in their corporate capacity. If no such entity exists, or it did not exist at all times relevant to the present case, Defendants and their counsel should be more careful in their future representations to the Court.

purpose of determining personal jurisdiction here.

In this case, Plaintiff's alleged injuries arise from Defendants' willful conduct directed at Plaintiff in Texas. Plaintiff alleges that, pursuant to contact initiated by Boyce and his alter ego Mfg. Direct, the parties entered into a contractual relationship. Plaintiffs further allege a number of causes of action arising from or closely related to Defendants' breach of that agreement. According to the record before the Court, Boyce traveled to Dallas and met in person with Plaintiff's representative to negotiate the parties' agreement. Dkt. 18, p. 4. After traveling to Texas, Boyce continued to do business with Plaintiff, selling Plaintiff's product to multiple American businesses including Greyhound Lines, Inc. of Dallas, Texas. Dkt. 18, p. 5. This alone is sufficient minimum contacts for specific jurisdiction. *See, e.g., Walk Haydel*, 517 F.3d at 243.

In addition to their activity relating to Plaintiff's product, Defendants maintain 11 distributors within the United States including one in Carrollton, Texas, which is in the Eastern District of Texas. Defendants advertise these United States distributors on their website, directing potential customers to do business with them through these distributors. Defendants also claim to export products to the United States in their promotional materials and advertise their products, including the product at the center of this dispute, through magazines and catalogues printed and distributed to truck drivers and owners in the United States. *See* Dkt. 30-2, p. 6. Additionally, according to the profile posted by Mfg. Direct on the Canadian Industries website the company is actively pursuing its export business to the United States and, specifically, to Texas.[4] *See* Dkt. 30-2, p. 23.

---

[4]The Court notes that the parties devoted significant attention to the website maintained by Mfg. Direct in their pleadings and briefing on this motion. This attention was misplaced. As indicated above, because Defendants' activities as alleged by Plaintiff were directed towards the

Having examined the record before it, the Court finds that Plaintiff has established a *prima facie* case of minimum contacts with Texas. The burden now shifts to Defendants to show that traditional notions of fair play and substantial justice would be violated by the exercise of jurisdiction over Defendants. Defendants have not shown that it would be unduly burdensome for Mfg. Direct or Boyce to defend themselves in Texas. *Asahi Metal Industry Co., Superior Court of California, Solano County,* 107 U.S. 102 (1987). Nor have Defendants even argued any other factors listed in the fairness inquiry. Without any showing by Defendants, the Court finds that Texas has a strong interest in resolving the dispute, as its citizens and a Texas-based corporation are involved, and Plaintiff, a Texas-based corporation, has a strong interest in obtaining relief in the forum. Therefore, the exercise of jurisdiction will not offend traditional notions of fair play and substantial justice.

Because Plaintiff made a *prima facie* showing of minimum contacts for both Defendants and neither Defendant carried its burden of showing that traditional notions of fair play and substantial justice would be violated by this Court's exercise of jurisdiction over Defendants, the Court recommends that Defendants' Motion to Dismiss for Lack of Personal Jurisdiction be DENIED as to Defendants Bruce Boyce and Manufacturer Direct, Ltd.

In their motion, Defendants also reference a request for dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defendants, however, limit their argument

---

forum and Plaintiff's alleged harms arise from those activities, Defendants have sufficient contacts with the forum to support specific personal jurisdiction in this matter. However, the contents of the website do support Plaintiff's position that Defendants' purposefully availed themselves of this forum.

within their motion as to 12(b)(6) claims to a single conclusory sentence stating that, because Mfg. Direct is a Canadian company servicing Canadian customers, Plaintiff's patent and trademark claims should be dismissed. *See* Dkt. 28, p. 3-4. If Defendants limited their dealings to Canada, this would be true.[5] However, Defendants later admit to selling the relevant product in New Jersey. *See* Dkt. 28, p. 6. United States patents and trademarks are enforceable in New Jersey. Additionally, the record indicates substantial commercial activity within the United States relating to the relevant product which would be actionable even in the absence of sales. Dkt. 30-2, p. 6. Therefore, to the extent Defendants seek dismissal under Rule 12(b)(6), that portion of the motion should also be DENIED.

For the reasons listed above, the Court finds that Defendants Bruce Boyce and Manufacturer Direct, Ltd.'s Motion to Dismiss for Lack of Personal Jurisdiction and for Failure to State a Claim (Dkt. 28) should be DENIED in its entirety.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to timely file written objections to the proposed findings and recommendations contained in this report shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or

---

[5]"Our patent system makes no claim to extraterritorial effect. ... To the degree that an inventor needs protection in markets other than those of this country, the wording of 35 U.S.C. §§ 154 and 271 reveals a congressional intent to have him seek it abroad through patents secured in countries where his goods are being used." *Deepsouth Packing Co. v. Laitram Corp.*, 406 U.S. 518, 531 (1972).

adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 11th day of March, 2010.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE